

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, New Jersey  07102*

December 23, 2021

**VIA EMAIL**

Mr. Thomas A. Johnson
Law Offices of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, CA 95814

    Re: <u>Plea Agreement with Tong Lor, a/k/a "Mandy Carr"</u>

Dear Mr. Johnson:

  This letter sets forth the plea agreement between your client, Tong Lor ("Lor"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on December 29, 2021, if it is not accepted in writing by that date.

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Lor to a one-count Information charging Lor with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, contrary to 18 U.S.C. § 1341. If Lor enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Lor for the period covering in or about 2017 through in or about May 2021 for Lor's role in a scheme to fraudulently sell counterfeit coupons, as more specifically detailed in Criminal Complaint, Mag. No. 21-9288. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Lor agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Lor may be commenced against her, notwithstanding the expiration of the limitations period after Lor signs the agreement.

Sentencing

  The violation of 18 U.S.C. § 1349 to which Lor agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest

...

of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lor is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Lor ultimately will receive.

Further, in addition to imposing any other penalty on Lor, the sentencing judge: (1) will order Lor to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Lor to pay restitution pursuant to 18 U.S.C. § 3663(a)(1)(A); (3) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Lor to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Lor be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lor may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Lor by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lor's activities and relevant conduct with respect to this case.

Stipulations

This Office and Lor agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and

evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Lor from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Lor waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of her acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Lor agrees to forfeit to the United States all of her right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds Lor obtained that are traceable to the offense charged in Count One of the Information. Lor further agrees that the aggregate value of such property was $727,155.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Lor, in an amount not to exceed $727,155.00 (the "Money Judgment"). Lor consents to the entry of an order requiring her to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Serv*ice, indicating Lor's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102 Lor further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Lor waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Lor understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure

by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Lor waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Lor's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Lor further agrees that no later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Lor fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Lor has intentionally failed to disclose assets on her Financial Disclosure Statement, Lor agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Lor understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Lor understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Lor wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Lor understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Lor waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lor. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Lor.

No provision of this agreement shall preclude Lor from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Lor received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Lor and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Philip R. Sellinger
United States Attorney

*/s/ Blake Coppotelli*
By: BLAKE COPPOTELLI
Assistant U.S. Attorney
HEATHER SUCHORSKY
Assistant U.S. Attorney

APPROVED:

/s/ Catherine R. Murphy
_____
CATHERINE R. MURPHY
Chief, Economic Crimes Unit

I have received this letter from my attorney, Thomas A. Johnson, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 1-3-22
Tong Lor


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 1-3-22
Thomas A. Johnson

**Plea Agreement
with
Tong Lor ("Lor")**

**Schedule A**

1. This Office and Lor recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Lor nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1.

3. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(K) applies because the loss involved in the offense was more than $9,500,000 but less than $25,000,000. This results in an increase of 20 levels.

5. As of the date of this letter, it is expected that Lor will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Lor's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. U.S.S.G. § 3E1.1(a) and Application Note 3.

6. As of the date of this letter, it is expected that Lor will assist authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in Lor's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Lor enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Lor's acceptance of responsibility has continued through the date of sentencing and Lor therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Lor's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Lor will be 24 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties further agree that Lor reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), and that this Office reserves the right to oppose such a request.

9. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. The parties agree that determining the exact amount of restitution to be paid by Lor, including identifying each victim and their actual loss, will likely complicate and prolong the sentencing process and prevent the sentencing judge from fashioning an order of restitution in this matter. Therefore, pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii), the Government will not seek restitution in this case unless the facts underlying such agreement change prior to sentencing.

11. Lor knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, a motion under 28 U.S.C. § 2255, or a motion under 18 U.S.C. § 3582(c) or 18 U.S.C. § 3583(e), which challenges or seeks to modify the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 24 or above. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude Lor from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Lor's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.